**Ricardo Nestor FAUSTINO; Antonia Flores Martinez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71649.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Esq., Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioners.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Edward C. Durant, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

### MEMORANDUM **

Ricardo Nestor Faustino and Antonia Flores Martinez seek review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion by denying the motion to reopen, because the BIA considered the evidence the petitioners submitted and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

To the extent the petitioners contend the BIA failed to consider some or all of the evidence they submitted with the mo-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion to reopen, the petitioners have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

The petitioners' remaining contentions are also unavailing.

**PETITION FOR REVIEW DENIED.**